259 So.2d 675

Richard A. POWELL

v.

STATE.

4 Div. 143, 145.

Court of Criminal Appeals of Alabama.

March 14, 1972.

---

Joe S. Pittman, Enterprise, for appellant.

William J. Baxley, Atty. Gen., and Sarah V. Maddox, Asst. Atty. Gen., for the State.

TYSON, Judge.

The indictment charges burglary in the second degree. Counsel was appointed to represent the appellant on June 18, 1971. The appellant was arraigned, accompanied by counsel, on July 13, 1971; and on motion of defense counsel the cause was continued for trial until July 26, 1971. Trial commenced on this date, and a number of witnesses for the State testified and were cross-examined. Following the noon recess, the appellant moved the trial court to permit him to withdraw his plea of not guilty and to enter a plea of guilty.

The sole issue presented by this appeal was whether or not the appellant's plea of guilty was voluntarily and understandingly entered. From the record we find the following:

". . . That, if you withdraw a plea of not guilty here and enter a plea of guilty, you will be in fact saying that you are guilty; and, unless you are in fact guilty, I would not want you to say it. I don't want to sentence innocent folks.

"THE DEFENDANT: I may have implied different than what I meant. I was in the school house when all this happened. However, I wasn't the one that did it, but I was also an accessory, so I am just as guilty as he is.

"THE COURT: Let me say that you impress me as being a most intelligent fellow. You are how old.

"THE DEFENDANT: 27.

"THE COURT: You have obviously had a good bit of schooling.

"THE DEFENDANT: I went through high school.

"THE COURT: Have you been engaged in business, or technical school, or something like that?

"THE DEFENDANT: Ever since, off and on.

"THE COURT: You have been subjected to school. It's obvious that you are better in the know by education and training than a lot of us, and there is no question about that. Let me go through this thing one at the time. You realize that you have got a right to a trial? We are in the trial now?

"THE DEFENDANT: Right.

"THE COURT: you have got a lawyer furnished here, who will be with you. You know what has happened. You have had a part in selecting the Jury. You have seen your lawyer cross examine the witnesses. You have a right to examine witnesses yourself. You have got all of those rights. And the question of the situation of a speedy trial is not involved, because

we are in fact in the trial at this moment. So, all of that is not involved. But you do have a right never to enter a plea of guilty or to admit any guilt. You can sit mute until the State convinces the Jury beyond a reasonable doubt from the evidence in the case. That's your right, and you would be waiving that right if I permit you to withdraw your plea and enter a plea of guilty. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. But you tell me, as I understand from your last statement, that you do understand the whole situation, and what you want to do is withdraw your plea and enter a plea of guilty?

"THE DEFENDANT: That's right.

"THE COURT: No one threatened you to do this?

"THE DEFENDANT: No, sir.

"THE COURT: No one offered you any promise or hope of reward? You know that the Judge is going to have to make a determination of the amount of time you do?

"THE DEFENDANT: Yes, sir.

"THE COURT: Regardless of what these gentlemen may or may not have said, being a most intelligent man, you know that I will have to fix the punishment and that's my prerogative.

"THE DEFENDANT: Right.

"THE COURT: All right. Now you know that you will be waiving that right, and you say that you come in here on your own. Do you know there will be some punishment involved in this thing of whatever the Court sees fit to mete out? You recognize all of that?

"THE DEFENDANT: Yes.

"THE COURT: You recognize that if you are convicted, you have a right to appeal; and, if you are still indigent, you will have a right to a lawyer to represent you in the appeal?

"THE DEFENDANT: Yes, sir.

"MR. STEPHENS: Judge, one thing you haven't covered is that by a plea of guilty he waives the right of self incrimination.

"THE COURT: I didn't make it that plain. Under the law, we are operating on, by a plea of guilty, you waive your right of self incrimination, because you are saying that you are guilty. And I have done told you that you can't force one in a court to admit anything. I mean, that's a prerogative you have, and a right you have to stand on. And you do waive that if you plead guilty. What is your thinking? After this talk, do you still want to plead guilty?

"THE DEFENDANT: I sure do.

.    .    .    .    .    .

"THE COURT: All right. I am going to accept your plea of guilty—or permit you to withdraw your plea of not guilty. I don't know whether I would do this— well, I shouldn't say that. I am so confident that you fully understand what it takes to violate the law and know what you are doing, where some defendants would not, and I know enough about the facts from what I have heard out here and what you have told me, that you realize what the situation is. So, I am going to let you withdraw your plea of not guilty. While this is not necessary, I will read the indictment to you.

"(Whereupon, the indictment was read to the defendant by the Court.)

"THE COURT: That charges burglary in the second degree, that we have talked about and you have been explained to on arraignment. The minimum punishment is one year and the maximum is ten. And you plead guilty to it, you say.

"THE DEFENDANT: I sure do.

"THE COURT: All right, sir. I find you guilty. Now, one of you at one time mentioned that there was another case that you wanted to talk about during this sitting. I have another indictment here. As a mat-

ter of record, I haven't gone into that one yet, number 4747.

"MR. PITTMAN: If the court please, the defendant is ready for arraignment.

"THE COURT: All right. Has he been arraigned in this case?

"MR. STEPHENS: No, sir, it was carried over.

"THE COURT: All right. Now, the record shows here, Mr. Powell, that in this case Mr. Pittman was appointed to defend you and you asked for additional time and that was carried over for him to confer with you, and I imagine you have now talked to Mr. Pittman about this other case. Are you all ready to be arraigned in this case?

"THE DEFENDANT: Yes, sir.

"THE COURT: Have you had sufficient time to discuss with Mr. Pittman in this case?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right.

(Whereupon, the indictment was read to the defendant by the Court.)

"THE COURT: That charges burglary in the second degree, the minimum punishment for which is one year and the maximum ten. How do you want to plead?

"MR. PITTMAN: We will plead guilty to that.

"THE COURT: Now, everything I have told you with reference to the other case as a matter of law is true in this case. Do you recognize that? You have a lawyer already appointed here, and this case is set for trial during this week, I believe. Maybe it is on today's docket, too. You have a right to go to trial, and you have a right to participate in the selection of the Jury and to cross examine the witnesses. You may take the stand but you don't have to take the stand if you do not wish to take the stand. That cannot be considered against you. You have a right to compulsory attendance of any witness. That is a right you may have. And you stand to be innocent until such time that the Jury has been convinced beyond a reasonable doubt of your guilt. You realize all of that?

"THE DEFENDANT: Yes, sir.

"THE COURT: And you realize that you would be waiving that by entering a plea of guilty?

"THE DEFENDANT: Yes, sir, I do.

"THE COURT: Of course, you understand the law that no one can be forced to incriminate himself and you have a right to sit quiet and let the State proceed; and, if you enter a plea of guilty, you would be waiving that right and admitting that you are guilty of this offense?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you recognize that you will suffer some punishment and it will be the responsibility of the Court to determine the amount of that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you know that whatever the punishment, it may very well be penitentiary punishment?

"THE DEFENDANT: Yes, sir.

"THE COURT: Has anyone threatened you, or offered you any hope of reward, or anything else to get you to enter a plea of guilty?

"THE DEFENDANT: No, sir.

"THE COURT: In other words, this is your own personal consideration, not based on any pressure or force from anyone else?

"THE DEFENDANT: No sir, it's my own doing.

"THE COURT: And you want to plead guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: Realizing that you will be saying you are guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right, sir. I accept your plea of guilty in this case. Now, do you have anything to say why the sentence of the law should not be now pronounced upon you?

"THE DEFENDANT: No, sir, I don't. I was drunk at the time, but alcohol is no excuse.

"THE COURT: Well, you say you were drunk. It all depends. It can be in this case if—well, the law says that if you are so drunk that you could not form an intent. I think there's a better way to put it, but I would say that would be close; being where you didn't know what you were doing, so close that you wouldn't be able to form an intent to steal. That is a short rendition of the law. You recognize that?

"THE DEFENDANT: Yes, sir, I do.

"THE COURT: And you say that you are guilty and want to plead guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: Now, does the District Attorney have any recommendation?

"MR STEPHENS: Yes, sir. We recommend three years in each case, and recommend that they run concurrent.

"THE COURT: Have you got any objection to that?

"THE DEFENDANT: No, sir.

"THE COURT: All right. In Case No. 4751, I find you guilty on your plea of guilty, and I hereby sentence you to the penitentiary of Alabama for three years. On the other case, Case No. 4747, that was discussed, I accept your plea of guilty in that case and find you guilty, and sentence you to the penitentiary of Alabama for three years in that case. And I order these cases to run concurrently. All right. I wish you a lot of luck.

"END OF PROCEEDINGS"

We have carefully considered this record, the two pleas of guilty as herein entered, and find same to be voluntarily, intelligently, and understandingly entered after ample opportunity to confer with counsel. The standards of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274, were here carefully observed by the able trial judge.

The judgments therefore are due to be and the same are hereby affirmed.

Affirmed.

PRICE, P. J., and ALMON and CATES, JJ., concur.